AUSTEN v. VARIAN et al.    ·

(Supreme Court, Appellate Division, First Department.   April 9, 1897.)

TAXATION—ASSESSMENT—JURISDICTION OF COMMISSIONER OF TAXES.
    The tax commissioner of the county in which testator died, and in which one of the executors resides, have jurisdiction of the estate, though the other two executors reside in another county, it not being shown that the estate was in their possession.

Appeal from special term, New York county.

Proceeding by David E. Austen, as receiver of taxes in the state of New York, to punish Isaac Varian and others, as executors of the will of Michael Varian, deceased, for contempt in failing to pay taxes imposed on the personal estate of testator for the year 1894. From an order committing Jesse H. Varian, one of the executors, he appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Norman A. Lawlor, for appellant.

R. G. Monroe, for respondent.

PARKER, J.   The papers upon which the special term was required to and did make its decision, imposing a fine upon Jesse Varian equal in amount to the tax assessed against the executors of Michael Varian for the year 1894, plus the costs of the proceeding, fully justify it.   The testator was a resident of New York at the time of his death, in 1893.   He left a personal estate of greater value than the assessed value; and on the second Monday of January, 1894, Jesse Varian, one of the executors, resided in the city of New York.   The commissioners of taxes had, therefore, jurisdiction.   Two of the executors resided in Westchester, and an affidavit was presented by one of them in this proceeding, apparently for the purpose of persuading the court that the personal estate was, at the time of the assessment, in their possession in Westchester county.   But the affidavit does not say so in terms, and we are convinced from an attentive reading of it that such was not the fact. It is true that the order to show cause was not served upon this appellant, but the error is not now available to him for a reversal, because of his appearance on the return of the order by attorney. In re Nichols, 54 N. Y. 67.   The final order so recites.

Order affirmed, with $10 costs and printing disbursements.   All concur.